# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20714
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2014

Lyle W. Cayce
Clerk

MORLOCK, L.L.C., a Texas Limited Liability Company,

Plaintiff-Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-734

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Morlock, L.L.C. appeals from the district court's final judgment denying Morlock's Motion to Remand and Motion for Leave to Amend Complaint and granting Defendant-Appellee JP Morgan Chase Bank, N.A.'s Rule 12(b)(6) Motion to Dismiss.

In 2011, Morlock purchased residential property, which it claims is worth approximately $130,000, subject to a Deed of Trust lien securing a promissory note. The Deed of Trust and right to receive payment under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

note apparently had been assigned to Chase some time earlier. After purchasing the property, Morlock brought this action, seeking a judgment which determines whether Chase has any interest in the property and forbids Chase from taking any action adverse to Morlock's interest, specifically foreclosing on the property. Fundamentally, Morlock asserts that the assignment to Chase somehow was not valid and that Chase's asserted interest is a cloud on Morlock's title.

Morlock filed a Motion to Remand, arguing that the amount in controversy does not exceed $75,000 because the full $130,000 is not in dispute, only Morlock's equity in the property. Chase filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Morlock failed to state a claim. In Morlock's response to Chase's motion, it sought leave to amend its pleadings. The district court denied Morlock's motions and granted Chase's motion, dismissing Morlock's action with prejudice.

We affirm the dismissal essentially for the reasons assigned in the district court's lengthy and well-reasoned memorandum opinion and order. First, the district court properly found that because Morlock's action concerns its rights in the entire property, the full fair market value of approximately $130,000 is at issue, triggering subject matter jurisdiction. Next, the district court correctly concluded that the assignment to Chase was valid on its face, and Morlock has failed to put forward any viable theory on which it could recover under any cause of action.

Accordingly, we AFFIRM.